# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00722-JAR |
| ) | |
| J. HASBROUCK JACOBS and ) | |
| STATE OF MISSOURI DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of the second amended complaint filed by self-represented plaintiff Keith Downing, an inmate at the Western Reception, Diagnostic and Correctional Center (WRDCC) in St. Joseph, Missouri. In addition to the second amended complaint, plaintiff has recently filed several miscellaneous documents, including many filings and correspondence from his state court cases in Boone County, Missouri: *Downing v. State of Missouri*, No. 24BA-CV00221, and *State of Missouri v. Downing*, No. 21BA-CR01472-01. *See* Doc. 9. He has also filed documents seeking injunctive relief, "writ of conspiracy," "motion to encumber," and an amicus brief on his own behalf. *See* Docs. 17, 18, 19, and 21.

Plaintiff brings this civil rights case against Judge Hasbrouck Jacobs and the Missouri Department of Corrections, arising out of his state court criminal case in Boone County, Missouri. Based on the public records located on Missouri Case.net, Judge Hasbrouck Jacobs revoked plaintiff's probation on November 17, 2023, and sentenced him to five years' imprisonment on one count of possession of a controlled substance and a consecutive seven years' imprisonment on

a second count of possession of a controlled substance. *State of Missouri v. Downing*, No. 21BA-CR01472-01 (Boone Cty. Nov. 17, 2023).[1]

Although plaintiff's allegations are unclear, he appears to be alleging that Judge Jacobs violated his constitutional rights under 42 U.S.C. § 1983 while presiding over his criminal case. He also seems to be alleging that his civil rights are being violated currently by the mental health staff at WRDCC. *See* Docs. 20, 20-1, and 20-2. To the extent his claims can be understood, plaintiff's claims arise entirely from events occurring during his criminal proceedings in Boone County, Missouri and his incarceration in Buchanan County, Missouri, both of which are located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3) (Buchanan Cty.) and 28 U.S.C. § 105(b)(4) (Boone Cty.).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it

---

[1] The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri. It appears that plaintiff's allegations as to Judge Jacobs relate to actions performed within the course and scope of his judicial duties, for which he would be entitled to absolute immunity. The Court believes the question of judicial immunity is best left to the transferee court. Additionally, in light of all of the circumstances, the Court believes it best if the transferee district address plaintiff's pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees or costs are preliminarily **GRANTED**. [ECF Nos. 5 and 7]

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 6th day of August, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE